UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4874 PSG (RZx) | Date | August 6, 2013 |
|---|---|---|---|
| Title | Priscilla Saravia v. Anthony James Paxton, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers): Order REMANDING action to state court

On July 5, 2013, Defendant Anthony James Paxton ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Priscilla Saravia ("Plaintiff"). *See* Dkt #1. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties. *See* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Indeed, the removal statute is strictly construed against removal and if there is any doubt as to the propriety of removal, the case must be remanded. *See id*.

When jurisdiction is based on 28 U.S.C. § 1331 "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original). This "well-pleaded complaint" rule requires that a federal question be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, the Complaint asserts only a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6(lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4874 PSG (RZx) | Date | August 6, 2013 |
|---|---|---|---|
| Title | Priscilla Saravia v. Anthony James Paxton, et al. | | |

Complaint, no basis for federal question jurisdiction exists.

     Defendant's notice of removal argues federal question jurisdiction is established based upon the Fourteenth Amendment to the Constitution. *NOR* ¶ 5. However, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, No. SACV 08-414 AHS (RNBx), 2008 WL 1970186, at *1 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.") (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). Therefore, Defendants may not remove on the basis of a federal question.

     Further, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000.00 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). The unlawful detainer complaint seeks only damages in an amount less than $10,000. *Compl.* at 1. Accordingly, the amount in controversy requirement has not been met.

     Defendant's notice of removal alleges that removal jurisdiction is proper based on 28 U.S.C. §§ 1331 and 1441. *See NOR* ¶ 4. Under Section 1441, a party may remove an action to the district court embracing the state court where the action is currently pending if the district court would also have original jurisdiction. *See* 28 U.S.C. § 1441(a). Since Defendant has failed to provide a sufficient basis for original federal jurisdiction, the action cannot properly be removed under Section 1441.

     For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case. The Court declines to award attorneys' fees. Further, as this is Defendant's second attempt to remove this Complaint to federal court, Defendant is warned that additional attempts to remove this action may result in the imposition of Rule 11 sanctions.

     **IT IS SO ORDERED.**